UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Montu H. Tum-Re El,                           Case No.    3:15-cv-2708

          Plaintiff

     v.                                     MEMORANDUM OPINION
                                            AND ORDER

Matthew Keel, *et al.*,

          Defendants

### Introduction and Background

*Pro se* plaintiff Montu H. Tum-Re-El, who identifies himself as "a member of the Yamassee Tribe of Native Americans" and a Native American "Nuwaubian Moor," has filed this *in forma pauperis* civil rights action against employees and executives of the Charter One and Citizens Banks, alleging he was discriminated against on the basis of his national origin.

He alleges that in April 2015, he responded to an offer he received in the mail to receive $200 by opening an account at Charter One, but the Bank refused to accept two forms of identification that he presented during his account opening interview.

He alleges that when he was asked for identification, he first presented "a Moor-American Right to Travel card," which contained his "photograph, appellation, and a mailing location which matched the address on the offer [he] received." (Doc. No. 1 at 2.) When this form of identification "was unacceptable," he offered an "Allodial American National Identification Card," which contained his "photo, appellation, date of birth, hair color, eye color, height and weight description, mailing location, nationality, autograph and 'Right Thumb' print." This identification,

1

however, was also "unsuitable" to the Bank. Instead, the Bank's Branch Manager Matthew Keel asked him for a "Drivers License or State ID or something other than what [he] present[ed] to certify his identify." (*Id.*) The plaintiff alleges he was denied the Bank's offer and illegally discriminated against on the basis of his national origin because the Bank refused to accept the "Moor National" identification cards he offered. He seeks monetary relief and that the defendants stop "abuses of discrimination and violating sovereign people['s] rights." (*Id.* at 6.)

## Discussion

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required under 28 U.S.C. §1915(e)(2)(b) to screen and dismiss before service any *in forma pauperis* action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The plaintiff's complaint must be dismissed under §1915(e)(2)(B) because it does not allege a plausible claim of national origin discrimination. Federal courts have consistently held that national origin protection does not apply to native-born individuals, like the plaintiff, who claim to be affiliated with a tribal government purportedly existing independently of any federally recognized Indian Tribe. *See, e.g., Bey v. Oakton Community College*, No. 14 C 06655, 2015 WL 5732031, at *5 (N.D. Ill. Sept. 30, 2015) ("Without a nonnative country of origin or any characteristic physical, cultural, or linguistic distinctions, the self-professed U.S. nationals of the 'Aboriginal–Indigenous Native American/Moor' persuasion do not credibly allege a protected 'national origin.'").

Thus, in *Wilson v. Art Van Furniture*, 230 F.3d 1358, 2000 WL 1434690, at *1 (6th Cir. 2000), the Sixth Circuit held that a plaintiff, who declared himself a member of the "Washitaw de Dugdahmoundyah Empire," could not establish a prima facie case of national origin discrimination for purposes of asserting a claim under Title VII because he could not show that he was a member

of any federally-protected class. The Sixth Circuit reasoned: "Grayson El Bey was born in the United States, and presented no credible proof that there is or ever was a country or ethnic group known as the Washitaw de Dugdahmoundyah Empire. The documents he offers show, at most, that official bodies have acquiesced to individuals declaring themselves citizens of the Washitaw Empire." *Id.*

Like the plaintiffs in *Wilson* and *Oakton Community College*, the plaintiff has not alleged a plausible claim of national origin discrimination. He has not alleged any country that is his place of origin other than the United States; instead, his national origin discrimination claim is premised on his self-proclaimed membership and affiliation with non-nationally recognized tribal groups. As the court stated in *Oakton Community College,* "those who claim to be 'Aboriginal Indigenous Native American Moors' of any stripe fail to allege a national origin that may serve as the predicate for [federal civil rights] claim." *Bey v. Oakton Community College*, 2015 WL 5732031, at n. 9.

## Conclusion

Accordingly, the plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, but for the reasons I have stated above, his action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Additionally, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

                                                       s/Jeffrey J. Helmick
                                                      United States District Judge